[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 16, 1992 Date of Application April 28, 1992 Date Application Filed May 5, 1992 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR6-337688;
James A. Shanley, Esq., Defense Counsel, for Petitioner.
Robert O'Brien Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner was tried by a jury and convicted of the following crimes:
 1. Robbery, 1st degree — 17 years 53a-134(a)(3)
 2. Assault, 1st degree — 17 years, 53a-59(a)(1) concurrent
3. Attempted Assault, — 17 years, CT Page 6581-I 1st degree 53a-59(a)(1) concurrent
 4. Burglary, 3rd degree — 5 years, 53a-103(a) consecutive
 5. Assault on a peace — 10 years, officer 53a-167C(a)(1) concurrent
 6. Assault on a peace — 10 years, officer 53a-167C(a)(1) concurrent
The total effective sentence imposed was 22 years.
The factual basis for the above convictions is summarized as follows: On February 1, 1991 at about 9:30 P.M., the petitioner jumped out of some bushes brandishing what appeared to be a knife to the victim's neck. He took her pocketbook and wallet but not satisfied with the amount of money it contained, he forced the woman to the rear of a house where he forced her to disrobe while he searched each item of clothing. He then fled the scene. A short time later he broke into an automobile at a Yale University parking lot. He was caught in the car by two Yale police officers, but fought with them and was able to flee, but was found hiding under a truck a few minutes later.
Both officers were injured, one receiving a permanent disability to his right hand.
The petitioner suggests that the 5 year consecutive sentence for the burglary into the automobile was overly harsh. In his remarks to the Division the petitioner stated he was not a threat to society and asks that we consider a reduction.
The Division disagrees with the petitioner's self assessment. He is clearly a dangerous threat to the community and his isolation from society for a substantial period of time is warranted. We will not detail his complete criminal history, but some of the salient convictions are as follows:
 1984 — When confronted by a police officer in a stolen vehicle, the petitioner struck him in the head with a blunt instrument, continued CT Page 6581-J to strike and kick the officer and was able to flee. He was convicted of assaulting a peace officer and larceny, 2nd degree.
 1985 — Conviction for weapons in Motor Vehicle, and using Motor Vehicle without permission.
1986 — Violation of Probation — conviction.
1987 — Violation of Probation — conviction.
 1987 — Conviction for Possession of narcotics and Interfering with a police officer.
 1987 — Conviction for Using a Motor Vehicle without permission.
1989 — Conviction for escape, 1st degree.
1990 — Conviction for escape 1st degree.
With this background and given the serious present felony convictions, the sentence imposed was neither inappropriate nor disproportionate. Reviewing the sentence in accordance with the provisions of Connecticut Practice Book Section 942, we affirm the sentence as imposed.
Purtill, Klaczak and Norko, J.s participated in this decision.